■ In the Matter of MICHAEL WACLAWSKI, Respondent, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Appellants.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: The court erred in annulling a determination of the Commissioner of the New York State Department of Social Services that petitioner is not entitled to Medicaid benefits for nursing services while he attends college classes outside of his home. The Federal regulations promulgated under the Medicaid Act (42 USC § 1396 *et seq.)* require that private-duty nursing services are limited to such services provided

"[t]o a recipient in one or more of the following locations at the option of the State—

"(1) His or her own home;

"(2) A hospital; or

"(3) A skilled nursing facility" (42 CFR 440.80 [c]).

The State regulation promulgated in accordance with the Federal requirements provides that: "Nursing service as medically needed shall be provided to medical assistance recipients in the person's home or in a hospital" (18 NYCRR 505.8 [a]).

The Commissioner determined that the nursing services provided petitioner while he was attending classes at college were not being provided to him in his home. That determination was reasonable and followed the interpretation provided to the Commissioner by the United States Department of Health and Human Services. That interpretation is entitled to great deference and should be enforced unless it is arbitrary, capricious, or manifestly contrary to the statute *(Chevron U.S.A. v Natural Resources Defense Council,* 467 US 837, 844, *reh denied* 468 US 1227; *see also, DeJesus v Perales,* 770 F2d 316, 327, *cert denied* 478 US 1007). In point here is the Federal case of *Detsel v Bowen* (US Dist Ct, ND NY, Sept. 23, 1988, McAvoy, J.) where a handicapped nine-year-old girl requiring 24-hour care was refused private-duty nursing care while she attended school. The court stated: "According to the Department, the common understanding of private duty nursing care is one involving extraordinary medical care during periods of critical need and limiting such care to a residential

setting, whether that is the recipient's home or an institution, is not unreasonable." *(Supra.)*

If petitioner is to have any relief from the determination of the State Commissioner, it must come from an amendment to the Federal statute or regulations. (Appeals from judgment of Supreme Court, Erie County, McGowan, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.